**FILED**

**January 29, 2026**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **E.M.-1, E.M.-2, E.M.-3, L.M.-1, I.M., L.M.-2, and E.M.-4**

**No. 25-240** (Mason County CC-26-2024-JA-21, CC-26-2024-JA-22, CC-26-2024-JA-23, CC-26-2024-JA-24, CC-26-2024-JA-25, CC-26-2024-JA-26, and CC-26-2024-JA-62)

## MEMORANDUM DECISION

Petitioner Mother T.M.[1] appeals the Circuit Court of Mason County's March 18, 2025, order terminating her parental rights to all her children, arguing that the circuit court erred in adjudicating her an abusing and/or neglecting parent, terminating her parental rights, and denying her post-termination visitation.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In May 2024, the DHS filed an abuse and neglect petition alleging that the petitioner failed to provide suitable housing, as the family was homeless for several weeks; had a history of abusing substances around E.M.-1, E.M.-2, E.M.-3, L.M.-1, I.M., and L.M.-2[3]; emotionally abused the children; exposed the children to verbal domestic violence with the father; educationally neglected three of the children as they had not attended school for several months; and medically neglected one or more children as they had not received mandatory vaccinations and may have missed regular medical appointments.

At the adjudicatory hearing in June 2024, the petitioner stipulated that she failed to provide suitable housing for all the children and educationally neglected three children. In accepting the petitioner's stipulation, the circuit court recited the factual circumstances which gave rise to these allegations in the petition. Additionally, within its written order, the circuit court made factual findings related to how the petitioner and the six children, had been without "a stable living environment" for an extended period of time and how three of the children had not attended school

---

[1] The petitioner appears by counsel Robert W. Bright. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Andrew T. Waight. Counsel Tanya H. Handley appears as the children's guardian ad litem ("guardian").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because some of the children share initials, we use numbers to differentiate between them.

[3] E.M.-4 had not been born at the time the DHS filed the initial petition.

1

for approximately four months or longer. The circuit court proceeded to adjudicate the petitioner an abusing and neglectful parent of E.M.-1, E.M.-2, E.M.-3, L.M.-1, I.M., and L.M.-2. The petitioner then filed a motion for a post-adjudicatory improvement period, which the circuit court granted. The terms of this improvement period required the petitioner, among other things, to remain substance free, acquire stable housing, participate in parenting and adult life skills services, obtain and maintain employment, participate in supervised visitation, and comply with any further recommendations. Upon the birth of E.M.-4 in September 2024, the DHS amended the petition to include that child, alleging, in pertinent part, that E.M.-4 tested positive for THC and Subutex at birth and that the petitioner failed to provide suitable housing as she remained homeless.[4] At the petitioner's second adjudicatory hearing, she stipulated to the new allegations, and, as such, the circuit court adjudicated her an abusing and neglectful parent of E.M.-4.

In January 2025, the guardian filed a motion to revoke the petitioner's improvement period, and the circuit court held a hearing on the matter. The guardian presented evidence of the petitioner's multiple and consistent positive drug screens for THC, which spanned nearly the entirety of October 2024 to January 2025. The petitioner testified that she had officially obtained a medical cannabis card towards the end of January 2025. The guardian also introduced evidence that the petitioner failed to participate in parenting and adult life skills classes, as she only attended two classes throughout the entirety of her improvement period, and that the petitioner failed to provide food or clothing during a supervised visit as required. The DHS concurred that the petitioner failed to comply with her improvement period as she remained without appropriate housing. Based upon the evidence, the circuit court granted the guardian's motion and revoked the petitioner's improvement period.

At the dispositional hearing in March 2025, a DHS worker testified that although the petitioner had obtained housing, she had not moved in and there were concerns that she would be unable to maintain the residence. The DHS also highlighted concerns regarding the petitioner's unhealthy relationship with the father and the credibility of her contentions of obtaining a divorce as no paperwork had been filed. The petitioner argued that she corrected the conditions of abuse and neglect because she obtained housing days before the dispositional hearing and hoped to switch to full-time employment to increase her income. Based upon the evidence showing the petitioner's partial compliance with services and the fact that she had only recently obtained housing despite being afforded additional time under her improvement period to do so, the circuit court found that the petitioner's "inability or unwillingness to fully cooperate with the [DHS] and comply with the terms of a reasonable family case plan" supported a finding that there was no reasonable likelihood she could substantially correct the conditions of abuse or neglect in the near future. Furthermore, the circuit court found that based on the children's need to have stability and proper care, termination was necessary for their welfare. Accordingly, the circuit court terminated the petitioner's parental rights.[5]

---

[4] Later, the DHS amended its petition once more to include allegations that are not relevant to the resolution of this appeal.

[5] The father's parental rights were terminated. The permanency plan for each child is adoption in their respective placements.

The petitioner then filed a motion for post-termination visitation. In April 2025, the circuit court held a hearing on the matter where the petitioner's counsel proffered that she maintained a close emotional bond with the children and that continued contact would not be detrimental to the children's well-being. The DHS and the guardian opposed the motion, stating that post-termination visitation would not be in the children's best interests based on the children displaying adverse behavioral issues, including physical altercations between the siblings, after visits with the petitioner. Despite recognizing that the petitioner had a close emotional bond with the children at the time of their removal, the circuit court concluded that post-termination visitation would be detrimental to the children's well-being and not in their best interests and denied the petitioner's motion. It is from the circuit court's dispositional order that the petitioner now appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). First, the petitioner argues that the circuit court erred in adjudicating her as an abusing and/or neglecting parent at the first adjudicatory hearing because the court failed to make specific findings of fact regarding each child. *See* Syl. Pt. 4, in part, *In re R.M.*, -- W. Va. --, 923 S.E.2d 352 (2025) ("Specific findings of fact explaining how each child's health and welfare is being harmed or threatened by the abusive or neglectful conduct of the parties . . . are a statutory prerequisite to proceed to the dispositional phase")[6]. We disagree. Here, the circuit court recited into the record the specific factual circumstances underlying the abuse and neglect conditions that all the children had suffered and made written findings of fact regarding the family's history of unstable housing and duration of the petitioner's educational neglect for three children. As such, the circuit court made sufficient factual findings to demonstrate how each of the petitioner's children was affected by her neglectful conduct to support adjudication and proceed to disposition. Therefore, the circuit court did not commit error.

Next, the petitioner argues that the circuit court erred in terminating her parental rights because she made significant efforts to remedy the conditions of abuse and neglect, such as obtaining housing. We disagree. Under West Virgina Code § 49-4-604(c)(6), circuit courts are permitted to terminate parental rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child." According to West Virginia Code § 49-4-604(d)(3), a court may find that there is no reasonable likelihood that conditions of abuse and neglect can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts." Here, it is true that the petitioner obtained housing a few days before the dispositional hearing. However, we have previously highlighted that "it is possible for an individual to show 'compliance with specific aspects of the case plan' while failing 'to improve . . . [the] overall attitude and approach to parenting.'" *In re Jonathan Michael D.*, 194 W. Va. 20, 27, 459 S.E.2d 131, 138 (1995) (quoting *W. Va. Dep't of Human Serv. v. Peggy F.*, 184 W. Va. 60, 64, 399 S.E.2d 460, 464 (1990)). Indeed, the record reflects the petitioner's overall failure to follow the terms of her improvement period and case plan as she tested positive for THC for almost the entirety of these proceedings and long before she obtained a medical cannabis card, failed to participate in parenting or adult life skills classes, and

---

[6] *See* W. Va. Code § 49-4-601; W. Va. R. P. Child Abuse & Neglect Proc. 27.

failed to provide the children with the appropriate necessities during a supervised visitation. As such, there was sufficient evidence for the circuit court to find that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse and neglect in the near future. Furthermore, ample evidence supported the circuit court's finding that termination was necessary for the children's welfare. Therefore, we conclude that the circuit court did not err in terminating the petitioner's parental rights.

Finally, the petitioner argues that the circuit court erred in denying her request for post-termination visitation as the court found she had a close emotional bond with the children. We disagree. To receive post-termination visitation, the circuit court not only "should consider whether a close emotional bond has been established between parent and child," but "[t]he evidence must [also] indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995).[7] Here, although the circuit court found that the petitioner had a close emotional bond with the children, the evidence indicated that the children suffered from negative behavioral issues after supervised visitation with the petitioner. Such issues also led the children to become physically violent towards one another. Thus, based on the record, the circuit court had ample evidence to determine that post-termination visitation would be detrimental to the children and not in their best interests. Accordingly, the circuit court did not commit error in denying the petitioner post-termination visitation.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 18, 2025, order is hereby affirmed.

Affirmed.

**ISSUED**: January 29, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[7] We apply the standards in place at the time of the entry of the circuit court's order denying post-termination visitation, but note that after its entry this Court provisionally amended Rule 15(b) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings to more clearly articulate and adopt appropriate standards for consideration of post-termination visitation.